UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **DANA GRIFFIN,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 23-11954-FDS |
| **FBIRA BOSTON, INC.,** and ) | |
| **TYLER GAGNE,** ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER ON DEFENDANTS' MOTIONS TO DISMISS**

**SAYLOR, C.J.**

This is a case arising out of a small-claims action brought in the Wrentham District Court. Plaintiff Dana Griffin, who is proceeding *pro se*, has filed a complaint alleging physical injury and emotional distress caused by an allegedly false police report and home visits by officers of the Federal Bureau of Investigation.

For the reasons set forth below, defendants' motions to dismiss will be granted.

**I.    Background**

   **A.    Factual Background**

The following facts are the entirety of the complaint:

On 8/1 [FBI agent] Tyler Gagne made a false police report on me claiming I was going to "protest" a Pharmacy I worked at in 2018 named Genoa Pharmacy (UHC). On the report he claimed "UHC was investigating the issue[,"] which was false. The FBI sent 15 police to my apartment and my parents['] house requesting I don['t] contact Genoa (I uncovered their bribery scheme). That night, I ended up having a night terror and sustained injuries to my finger. A week later I had another night terror due to this police report and sustained another injury to my leg.

(ECF No. 1-1, Statement of Small Claim & Notice (April 26, 2023)).

### B.     Procedural Background

This action was filed in Wrentham District Court on April 26, 2023.  The claim sought $1,000 in damages and $50 in court costs.

On August 24, 2023, defendants removed the action to this court.

On November 22, 2023, the United States of America moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction.[1]  Defendant Tyler Gagne also moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.  Plaintiff did not respond to either motion.

## II.    Legal Standards

Where a motion to dismiss is filed against a *pro se* litigant, any document filed by the *pro se* party is "to be liberally construed," and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").  However, while *pro se* complaints "are accorded 'an extra degree of solicitude' . . . even a pro se plaintiff is required 'to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'"  *Wright v. Town of*

---

[1] Although plaintiff apparently did not serve defendants, the United States contends that she intended to sue the Federal Bureau of Investigation.  The named corporation, FBIRA Boston, Inc., is a charitable organization to promote recreational and social activities among FBI employees.  (*See* FBIRA Boston Inc., Articles of Organization (2012)).  Based on the context of the claim and because the complaint lists the FBI Boston field office address and names Joseph Bonavolonta, the former special agent in charge of that office, as defendant's agent rather than any of the officers of FBIRA Boston, it appears the FBI is the intended defendant.  (ECF No. 1, Ex. 1 at 3; *see* Secretary of the Commonwealth of Massachusetts, *Search for a Business Entity*, Corporations Division, https://corp.sec.state.ma.us/corpweb/CorpSearch/CorpSearch.aspx).  Because the complaint appears to raise a tort claim against the FBI, the United States is the proper defendant.  *See* 28 U.S.C. §§ 1346(b), 2679(a).

2

*Southbridge*, 2009 WL 415506, at *2 (D. Mass. Jan. 15, 2009) (quoting *Adams v. Stephenson*, 1997 WL 351633, at *1 (1st Cir. 1997) (per curiam)).

    **A.**    <u>**Rule 12(b)(1) Motion to Dismiss**</u>

The party invoking the jurisdiction of a federal court "carries the burden of proving its existence." *Johansen v. United States*, 506 F.3d 65, 68 (1st Cir. 2007) (quoting *Murphy v. United States*, 45 F.3d 520, 522 (1st Cir. 1995). If a party seeking to invoke federal jurisdiction "fails to demonstrate a basis for jurisdiction," the motion to dismiss must be granted. *Id.* In ruling on such a motion, the court must construe the complaint liberally, treating all well-pleaded facts as true and indulging all reasonable inferences in the plaintiff's favor. *Aversa v. United States*, 99 F.3d 1200, 1209-10 (1st Cir. 1996).

    **B.**    <u>**Rule 12(b)(6) Motion to Dismiss**</u>

On a motion to dismiss, the court "must assume the truth of all well-plead[ed] facts and give . . . plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999). To survive a motion to dismiss, the complaint must state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). Dismissal is appropriate if the complaint fails to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008) (quoting *Centro Medico del Turabo, Inc. v. Feliciano*

3

*de Melecio*, 406 F.3d 1, 6 (1st Cir. 2005)).

**III.    Analysis**

    **A.    Rule 12(b)(1) Motion to Dismiss**

The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, "comprises a limited waiver of the federal government's sovereign immunity . . . and grants federal courts jurisdiction over claims against the United States that fall within its ambit." *McCloskey v. Mueller*, 446 F.3d 262, 266 (1st Cir. 2006) (internal citations omitted). Under the FTCA, the United States may be liable for "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

Here, to the extent that plaintiff seeks damages for personal injury—for example, the alleged injuries to her finger and leg described in the claim—such a claim must be brought under the FTCA.[2] However, a claimant may not bring a complaint under the FTCA unless (1) she has filed an administrative claim with the "appropriate Federal agency" and (2) the agency has issued a final denial, or failed to make a final disposition within six months. 28 U.S.C. § 2675(a). Failure of a claimant to exhaust her administrative remedies is a non-waivable, jurisdictional bar to bringing suit in federal court under the FTCA. *See Barrett ex rel. Estate of Barrett v. United States*, 462 F.3d 28, 38; *see also McNeil v. United States*, 508 U.S. 106, 113 (1994) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative

---

[2] The complaint names an individual federal officer as a defendant. However, the United States is the only proper defendant in an action brought under the FTCA. *See* 28 U.S.C. §§ 1346(b), 2679(b)(1); *McCloskey v. Mueller*, 446 F.3d 262, 266 (1st Cir. 2006).

remedies.").

There is no indication that plaintiff has filed any administrative claims for personal injury. She makes no such allegation in her claim, and a search of the FBI's Central Records System on November 17, 2023, "did not locate any administrative claim submitted to the FBI by or on behalf" of plaintiff. (ECF No. 13, Ex. 1 ¶ 7). Because plaintiff has not exhausted her administrative remedies, this court does not have jurisdiction over her tort claims against the United States under the FTCA. *See Kasparian v. United States*, 2017 WL 1843690, at *4 (D. Mass. May 8, 2017) (collecting cases dismissing claims for failure to comply with the statutory requirements for tort actions against the United States).

In summary, this claim is barred by the doctrine of sovereign immunity, and this court accordingly does not have subject-matter jurisdiction over this claim.

**B.     Rule 12(b)(6) Motion to Dismiss**

Defendant Gagne construes the *pro se* complaint to assert a *Bivens* claim against him. (ECF No. 15 at 1). *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). When examining the sufficiency of the pleadings, the court must consider whether the plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must sufficiently identify the alleged misconduct of each defendant so that he has fair notice of the nature of the claim asserted and the factual grounds upon which it rests. *See Silverstrand Invs. v. AMAG Pharm., Inc.*, 707 F.3d 95, 101 (1st Cir. 2013). To state a

plausible claim, under *Bivens*, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution" or has violated the plaintiff's rights as protected under federal law. *Iqbal*, 556 at 676 (2009).

Here, to the extent the complaint alleges that Gagne unlawfully made a false report, it fails to provide sufficient facts to support a claim of conspiracy or to support a claim under the Fourth Amendment. All that is alleged is a conclusory statement that defendant made a false police report that plaintiff was going to a protest a pharmacy and that the pharmacy was investigating the issue. That is clearly insufficient. *Iqbal*, 556 US at 678. Accordingly, to the extent the complaint asserts a *Bivens* claim against Gagne, it will be dismissed.

**IV.    Conclusion**

For the foregoing reasons, defendants' motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction and 12(b)(6) for failure to state a claim are GRANTED and the complaint is dismissed.

**So Ordered.**

Dated:  May 22, 2024

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court